UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GARY KEITH WHITE,** | } |
| **Plaintiff,** | } |
| v. | } **CASE NO. 2:09-cv-1358-SLB-RRA** |
| **BLOUNT COUNTY SHERIFF'S DEPARTMENT, and SHERIFF DANNY MORTON,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

On October 13, 2009, the magistrate judge filed a Report and Recommendation, recommending that plaintiff Gary Keith White's (the "Plaintiff") *pro se* Complaint, filed pursuant to 42 U.S.C. § 1983, be dismissed under 28 U.S.C. § 1915A(b)(1) and/or (2) as frivolous, failing to state a claim upon which relief may be granted, and/or seeking monetary relief from a defendant who is immune from such relief. (Doc. 8 at 2-3.)[1] In the Report and Recommendation, the magistrate judge informed Plaintiff that he "may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk." (*Id.* at 3.) Plaintiff filed two letters on October 16, 2009, (Doc. 9; Doc. 10),[2] an Objection to the magistrate judge's Report and Recommendation on October

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Plaintiff, in his October 16, 2009 letters, does not address the magistrate judge's Report and Recommendation, but instead reiterates arguments and raises new issues. (*See* Doc. 9; Doc. 10.) However, the filing of objections is not a proper vehicle for either. *See* 28 U.S.C. § 636(b)(1) ("A

19, 2009, (Doc. 11), a letter requesting a bond reduction on November 12, 2009, (Doc. 12), and a separate letter for bail on December 23, 2009, (Doc. 13).[3]  In his October 19, 2009 Objection to the magistrate judge's Report and Recommendation, Plaintiff repeats his claim that his bond is excessive, declares his innocence on all charges, clarifies his previous allegations against defendants Blount County Sheriff's Department and Sheriff Danny Morton, and refiles previous motions.[4]  (*See* Doc. 11.)

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and objections thereto, the court finds that the magistrate judge's Report is due to be and is hereby **ADOPTED** and the Recommendation is **ACCEPTED**.  Accordingly, Plaintiff's Complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) as frivolous, failing to state a claim upon which relief may be granted,

---

judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that "[b]ecause [the *pro se* prisoner] did not file specific objections to factual findings by the magistrate judge, there was no requirement that the district court *de novo* review those findings" (citing *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992))).

[3] As with Plaintiff's October 16, 2009 letters, Plaintiff, in his November 12, 2009 and December 23, 2009 letters, likewise does not address the magistrate judge's Report and Recommendation, but instead restates previous allegations and raises new claims regarding the conditions of confinement and medical treatment.  *See supra* note 2.

[4] Also in his October 19, 2009 Objection, Plaintiff raises new claims against defendants Blount County Sheriff's Department and Sheriff Danny Morton, and presents additional evidence including court request forms, inmate request forms, and letters from witnesses alleging Plaintiff's innocence.  (*See* Doc. 11 at 2.)  Still, the filing of objections is again not a proper vehicle for alleging new claims or presenting additional evidence.  *See supra* note 2.

and seeking monetary relief from a defendant who is immune from such relief.[5] A Final Judgment will be entered contemporaneously.

The Clerk of the Court is **DIRECTED** to provide a copy of this Memorandum Opinion to Plaintiff at the following address:

> Gary Keith White
> Blount County Jail
> 225 Industrial Park Road
> Oneonta, AL 35121

**DONE**, this 24th day of March, 2010.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff has previously filed suit pursuant to 42 U.S.C. § 1983 against, *inter alia*, defendants Blount County Sheriff's Department and Sheriff Danny Morton, likewise alleging excessive bail and false charges. *See White v. Sherbert*, No. 2:08-cv-02342-KOB-RRA (N.D. Ala. June 24, 2009). The court dismissed the case as frivolous. *See id.* Similarly, on December 8, 2008, Plaintiff filed suit pursuant to 42 U.S.C. § 1983 against his former attorney for allowing a witness to testify against him. *See White v. King*, No. 2:08-cv-02275-KOB (N.D. Ala. Mar. 31, 2009). That case was also dismissed as frivolous. *See id.* The court notified Plaintiff in both cases that the dismissal of the action was countable for purposes of 28 U.S.C. § 1915(g). That section states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).